**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA

Case number *(if known)*    3:20-bk-2387                    Chapter    **11**

☐ Check if this an
   amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Stein Mart, Inc.** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **64-0466198** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **1200 Riverplace Blvd.** <br> **Jacksonville, FL 32207** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Duval** <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **www.steinmart.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br><br> ☐ Partnership (excluding LLP) <br><br> ☐ Other. Specify: _____ |

| Debtor | Stein Mart, Inc. | Case number (*if known*) | 3:20-bk-2387 |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    5651

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

■ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|---|
| | District | _____ | When | _____ | Case number | _____ |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

■ Yes.

| | Debtor | **See Attachment** | Relationship | _____ |
|---|---|---|---|---|
| | District | _____ When _____ | Case number, if known | _____ |

| Debtor | **Stein Mart, Inc.** | Case number (*if known*) | 3:20-bk-2387 |
|---|---|---|---|
| | Name | | |

**11.  Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.  Insurance agency _____

Contact name _____

Phone _____

---

### Statistical and administrative information

**13.  Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ■ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15.  Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ■ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16.  Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ■ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Stein Mart, Inc.** | Case number (*if known*) | 3:20-bk-2387 |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/12/2020**
                MM / DD / YYYY

**X** **/s/ D. Hunt Hawkins**                    **D. Hunt Hawkins**
Signature of authorized representative of debtor        Printed name

Title    **Chief Executive Officer**

**18. Signature of attorney**

**X** **/s/ Gardner F. Davis**        Date    **08/12/2020**
Signature of attorney for debtor                MM / DD / YYYY

**Gardner F. Davis**
Printed name

**Foley & Lardner LLP**
Firm name

**1 Independent Drive**
**Suite 1300**
**Jacksonville, FL 32202-5017**
Number, Street, City, State & ZIP Code

Contact phone    **904-359-8726**    Email address    **gdavis@foley.com**

**471712 FL**
Bar number and State

Debtor    **Stein Mart, Inc.**
_____
Name

Case number (*if known*)    3:20-bk-2387
_____

---

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

MIDDLE DISTRICT OF FLORIDA
_____

Case number (*if known*) _____    Chapter    **11**

☐ Check if this an
amended filing

---

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | |
|---|---|---|---|
| Debtor | **Stein Mart Buying Corp** | Relationship to you | **Subsidiary** |
| District | **Middle District of Florida** | When _____ | Case number, if known | |
| Debtor | **Stein Mart Holding Corp.** | Relationship to you | **Subsidiary** |
| District | **Middle District of Florida** | When _____ | Case number, if known | |

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Stein Mart, Inc.** |
| United States Bankruptcy Court for the: | **MIDDLE DISTRICT OF FLORIDA** |
| Case number (if known): | 3:20-bk-2387 |

☐ Check if this is an

amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **CIT Commercial Services** PO Box 1036 Charlotte, NC 28201 | **Kevin Ritter** kevin.ritter@cit.com | **Merchandise Goods** | | | | **$16,445,025.01** |
| **ROSENTHAL & ROSENTHAL INC.** PO Box 88926 Chicago, IL 60695-1926 | **E. Levy** elevy@rosenthalinc.com | **Merchandise Goods** | | | | **$10,681,669.45** |
| **HARVEST SMALL BUSINESS FINANCE LLC** 24422 Avenida De La Carlota Suite 232 Laguna Hills, CA 92653 | jonnie@harvestsbf.com | **Small Business PPP Loan** | | | | **$10,000,000.00** |
| **WELLS FARGO TRADE CAPTIAL SERVICES** PO Box 842674 Boston, MA 02284-2674 | **Kenneth Newberger** kenneth.newberger@wellsfargo.com | **Merchandise Goods** | | | | **$7,763,531.53** |
| **CAMELOT STRATEGIC MARKETING AND MEDIA** 8140 Walnut Hill Lane Suite 700 Dallas, TX 75231 | **J. Moore** jmoore@camelotsmm.com | **Advertising & Marketing** | | | | **$5,652,602.82** |
| **WHITE OAK COMMERCIAL FINANCE** PO Box 100895 Atlanta, GA 30384-4174 | **J. Espinal** jespinal@whiteoakcf.com | **Merchandise Goods** | | | | **$2,694,749.73** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

| Debtor | **Stein Mart, Inc.** | | Case number (if known) | 3:20-bk-2387 |
|---|---|---|---|---|
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **LEVTEX LLC** **1830 14th Street** **Santa Monica, CA** **90404** | **ACCOUNTS@LEVT EXHOME.COM** | **Merchandise Goods** | | | | **$1,912,998.31** |
| **PEERLESS CLOTHING** **200 Industrial Park Road** **Saint Albans, VT** **05478-1873** | **paymentadvice@p eerless-clothing.co m** | **Merchandise Goods** | | | | **$1,738,777.70** |
| **THARANCO LIFESTYLES LLC** **The CIT Group Commercial Services** **PO Box 1036** **Charlotte, NC** **28201-1036** | **CMSEREMIT@CIT. COM** | **Merchandise Goods** | | | | **$1,708,139.06** |
| **MILBERG FACTORS INC.** **99 Park Avenue 21st Floor** **New York, NY 10016** | **cchasse@milfac.co m** | **Merchandise Goods** | | | | **$1,379,021.16** |
| **STERLING NATIONAL BANK** **PO Box 75359** **Chicago, IL** **60675-5359** | **cdigirolamo@snb.c om** | **Merchandise Goods** | | | | **$1,300,812.62** |
| **MICHAEL KORS** **PO Box 732670** **Dallas, TX 75373** | **mkar@michaelkors .com** | **Merchandise Goods** | | | | **$1,270,451.90** |
| **ORACLE AMERICA, INC.** **P.O. BOX 203448** **Dallas, TX** **75320-3448** | **cash-appsin_ww@ oracle.com** | **Applications Support** | | | | **$1,241,563.22** |
| **PVH CORP.** **P.O. BOX 532513** **Atlanta, GA** **30353-2513** | **tanyamitchell@pvh .com** | **Merchandise Goods** | | | | **$1,066,817.81** |
| **DSW** **810 DSW DRIVE** **Columbus, OH** **43219** | **Roger Rawlins** **roger.rawlins@desi gnerbrands.com** | **Consignment Sales Contract** | | | | **$854,649.12** |
| **MICROSOFT LICENSING GP** **C/O BANK OF AMERICA** **1950 N. STEMMONS FWY STE 501** **LB #842467** **Dallas, TX 75207** | **MSCREDIT@MICR OSOFT.COM** | **Application License** | | | | **$817,457.71** |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Debtor | **Stein Mart, Inc.** | | Case number *(if known)* | 3:20-bk-2387 |
| | Name | | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **HANESBRANDS INC. 21700 NETWORK PLACE Chicago, IL 60673-1217** | **hbi_cashapplication@hanes.com** | **Merchandise Goods** | | | | **$768,714.63** |
| **JOHN PAUL RICHARD INC. 26775 MALIBU HILLS ROAD Suite 100 CALABASAS, CA 91301** | **R. Gutierrez RGUTIERREZ@JOHNPAULRICHARD.COM** | **Merchandise Goods** | | | | **$761,213.50** |
| **KELLWOOD APPAREL LLC PO BOX 784312 Philadelphia, PA 19178-4312** | **kssaccountsreceivable@kellwood.com** | **Merchandise Goods** | | | | **$737,621.99** |
| **PURERED CREATIVE, INC. P.O. BOX 871053 Stone Mountain, GA 30087-0027** | **Barbie Rosevear BARBIE.ROSEVEAR@PURERED.NET** | **Photography Media/ECOM** | | | | **$634,855.90** |

**Official Form 201A (12/15)**

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## Middle District of Florida

In re    **Stein Mart, Inc.**

Debtor(s)

Case No.    3:20-bk-2387

Chapter    **11**

## Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is   **000-20052**   .

2. The following financial data is the latest available information and refers to the debtor's condition on   **May 2, 2020**   .

a. Total assets                                                                                         $                    757,539,000.00

b. Total debts (including debts listed in 2.c., below)                          $                    791,248,000.00

c. Debt securities held by more than 500 holders:

Approximate number of holders:

| | | | | | | |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | 0.00 | | 0 |

d. Number of shares of preferred stock                                                                0                              0

e. Number of shares common stock                                                     48,513,878                              0

Comments, if any:
**Number of outstanding shares of common stock is provided as of July 10, 2020.**

3. Brief description of Debtor's business:
**The Debtor is a national specialty off-price retailer offering designer and name-brand fashion apparel, home décor, accessories and shoes at discount prices. The Debtor operates 281 stores, primarily in the Southeast, Texas, Arizona and California and an Ecommerce retail site.**

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Stein Family Holdco LLC**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Chapter 11 |
| STEIN MART, INC., | Case No. 20- bk-2387(____) |
| Debtor. | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| Stein Mart, Inc. | Stein Family Holdco LLC | 8265 Bayberry Road Jacksonville, FL 32256 | 35.74% |

---

[1] This list reflects holders of five percent or more of Stein Mart, Inc.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  By the *Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105(a) and 521 and Fed. R. Bankr. P. 1007(a) and 2002(a) and (f), for Entry of an Order Authorizing the Debtors to (A) Prepare a List of Creditors in Lieu of a Formatted Mailing Matrix, (B) File a Consolidated List of the Debtors' Top 20 Largest Unsecured Creditors, (C) Mail Initial Notices and (D) Waiving the Requirement to File a List of Equity Security Holders* filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | Chapter 11 |
| STEIN MART, INC., | Case No. 20-bk-2387 (____) |
| Debtor. | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Stein Family Holdco LLC | 35.74% |

**Fill in this information to identify the case:**

Debtor name    **Stein Mart, Inc.**

United States Bankruptcy Court for the:    MIDDLE DISTRICT OF FLORIDA

Case number (if known)    3:20-bk-2387

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☑ *Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **08/12/2020**    **X** /s/ D. Hunt Hawkins
                                  Signature of individual signing on behalf of debtor

                                  **D. Hunt Hawkins**
                                  Printed name

                                  **Chief Executive Officer**
                                  Position or relationship to debtor

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com                                                    Best Case Bankruptcy

**STEIN MART, INC.**

_____

**RESOLUTIONS OF THE MEMBERS OF
THE BOARD OF DIRECTORS
AT A MEETING ON AUGUST 11, 2020**

_____

**WHEREAS**, a telephonic meeting (the "Meeting") of the Board of Directors (the "Board" or "Directors") of Stein Mart, Inc., a Florida corporation (the "Company"), was held beginning at 8:00 am on August 11, 2020;

**WHEREAS**, a requisite number of the members of the Board, constituting a quorum, participated throughout the Meeting. After it was confirmed that the Meeting was duly convened (and each member of the Board waived any notice requirements in connection therewith), those participating could hear each other and a quorum of the Board was in attendance, the Meeting was called to order;

**WHEREAS**, the Board has considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it to maximize value, and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Board has had the opportunity to consult with the financial and legal advisors of the Company and assess the considerations related to the commencement of chapter 11 cases under title 11 of the United States Code (the "Bankruptcy Code"), including materials provided by the financial and legal advisors, and the Board recommends the adoption of these resolutions.

**Chapter 11 Bankruptcy Petition**

**WHEREAS**, in light of the Company's current financial condition, the Board has investigated, discussed and considered options for addressing the Company's financial challenges and, after consultation with the Company's advisors, have concluded that it is in the best interests of the Company, its creditors, employees and other interested parties that a petition be filed by the Company and its two wholly-owned subsidiaries, Stein Mart Buying Corp ("SMB") and Stein Mart Holding Corp. ("SMHC" and collectively the "Subsidiaries") seeking relief under the provisions of the Bankruptcy Code.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Directors of the Company, it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that petitions be filed by the Company and the Subsidiaries seeking relief under the Bankruptcy Code; and it is further

**RESOLVED**, that the Chief Executive Officer of the Company is hereby authorized, empowered and directed, in the name and on behalf of the Company and the Subsidiaries, to execute and verify petitions under Chapter 11 of the Bankruptcy Code and to cause the same to

1

be filed in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court"), at such time as said officer shall determine in consultation with the Company's legal and financial advisors; and it is further

      **RESOLVED**, that the law firm of Foley & Lardner LLP is hereby employed as attorneys for the Company and Subsidiaries in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

      **RESOLVED**, that the financial advisory firm of Clear Thinking Group LLC is hereby employed as financial advisors for the Company in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

      **RESOLVED**, that the firm of Stretto is hereby employed as the claims and noticing agent for the Company in the Chapter 11 case, subject to Bankruptcy Court approval; and it is further

      **RESOLVED**, that the Chief Executive Officer, the President, the Executive Vice President and Chief Financial Officer, and each Senior Vice President (collectively, the "Authorized Officers") are hereby authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, liquidators and other professionals, and to take and perform any and all further acts and deeds deemed necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 case; and it is further

      **RESOLVED**, that each of the Authorized Officers is hereby authorized, empowered and directed, in the name and on behalf of the Company and Subsidiaries, to cause the Company and Subsidiaries to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents, including without limitation, the amendment of any organizational, constitutional or similar documents of subsidiaries of the Company for the preservation of such entities and/or the value of the estate, and to take such action as in the judgment of such officer(s) be or become necessary, proper and desirable to effectuate an orderly liquidation of the Company's assets, including, but not limited to, a liquidation of the Company's assets through store closing sales and a sale of the Company's eCommerce business as a going concern (each a "Restructuring Transaction"); and it is further

      **RESOLVED**, that each of the Authorized Officers is hereby authorized and empowered, in the name of and on behalf of the Company and Subsidiaries, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of any Restructuring Transaction to which the Company is or will be a party, including, but not limited to, any management agreements, Chapter 11 plan, disclosure statement, asset purchase agreement, and all exhibits and/or ancillary documents related thereto (collectively, the "Restructuring Documents"), including without limitation a Consulting Agreement with a contractual joint venture comprised of Hilco Merchant Resources, LLC, Gordon Brothers Retail Partners, LLC, Great American Group, LLC, Tiger Capital Group, LLC, SB360 Capital Partners,

LLC,( the "Hilco JV") as a fee-based consultant to manage and assist with the liquidation; and it is further

**RESOLVED**, that Hunt Hawkins is hereby appointed as the sole director of each of the Subsidiaries and empowered and directed, in the capacity as sole director of each Subsidiary, to adopt resolutions substantially similar to these resolutions to authorize each Subsidiary filing bankruptcy; and it is further

**RESOLVED**, that each of the Authorized Officers is hereby authorized and empowered in the name of, and on behalf of, the Company to take any and all actions to (i) obtain bankruptcy court approval of the Restructuring Documents in connection with any Restructuring Transaction, and (ii) obtain bankruptcy court approval of any Restructuring Transaction; and it is further

**RESOLVED**, that any and all past actions heretofore taken by the Board, any committee of the Board, the Chief Executive Officer or any other Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the proceeding resolutions be, and the same hereby are, ratified, confirmed and approved; and it is further

**RESOLVED**, that the filing by the Company and Subsidiaries of petitions seeking relief under the provisions of the Bankruptcy Code shall not dissolve the Company and Subsidiaries.

### Use of Cash Collateral and Adequate Protection

**WHEREAS**, the Company, among others, is party to that certain Second Amended and Restated Credit Agreement, dated as of February 3, 2015 (as amended from time to time), with Wells Fargo Bank, National Association, in its capacity as administrative agent, pursuant to which the lenders (the "Credit Agreement Lenders") party thereto have made certain loans and financial accommodations available to the Company;

**WHEREAS**, the Company, among others, is party to that certain Term Loan Agreement, dated as of March 14, 2018 (as amended from time to time), with Gordon Brothers Finance Company, in its capacity as administrative agent, pursuant to which the lenders (the "Term Loan Lenders", and, together with the Credit Agreement Lenders, the "Lenders") party thereto have made certain loans and financial accommodations available to the Company; and

**WHEREAS**, the Company will obtain benefits from the use of collateral, including cash collateral as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Lenders.

**NOW, THEREFORE, BE IT RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Lenders (the "Adequate Protection Obligations"), as documented in the proposed order regarding the use of cash collateral (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED**, that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake

any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Order; and it is further

**RESOLVED**, that the Chief Executive Officer be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to the Cash Collateral Order, and, the Chief Executive Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, as necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Chapter 11 case, which agreement(s) may require the Company to grant adequate protection and security interests to the Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Chief Executive Officer, in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and it is further

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute, deliver, and file any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to take any other action which shall in his/her or their absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his execution thereof.

### Store Closing

**RESOLVED**, that the Authorized Officers be, and hereby are, authorized and directed, and empowered in the name of, and on behalf of, the Company, to begin the process of closing the Company's stores and liquidating the assets and inventory related thereto as is determined to be necessary, including entering into an agreement with an agent to represent and assist the Company in operating "store closing" sales as is determined to be necessary and in connection therewith, the Chief Executive Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of such agent.

### General Resolutions

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and it is further

**RESOLVED**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that the Board be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder, as the Board shall deem necessary or desirable in its reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

4819-3496-8771.3